**MEMO ENDORSED**



RECEIVED
MAR 08 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-7-08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMY N. OKEREKE**
*Assistant Corporation Counsel*
(212) 788-9790
(212) 788-9776 (fax)
aokereke@law.nyc.gov

March 6, 2008

**BY HAND**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

Application is renewable +
therefore granted. New conference
date is 5/9/08 (May 9, '08) @
9:15 A.M.

Re:    Silvin Blackstock v. City of New York, et al.
       08 Civ. 1541 (RMB)

Your Honor:

SO ORDERED:
Date: 3/7/08    *Richard M. Berman*
**Richard M. Berman, U.S.D.J.**

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. Defendant respectfully requests that its time to respond to the complaint in this action be extended for sixty days from March 6, 2008 to May 5, 2008.[1]  Should the Court grant this request, defendant respectfully requests that the initial conference, scheduled for March 20, 2008 at 9:15 A.M., be adjourned to a date convenient to the Court after issue has been joined. Plaintiff's counsel only consents to a thirty day enlargement, and does not consent to defendant's request for an adjournment of the initial conference.

Plaintiff alleges that he was falsely arrested and maliciously prosecuted following an incident on March 9, 2007, in which plaintiff claims he was falsely issued a summons by New York City Police Officers.  Specifically, plaintiff asserts that police officers approached his vehicle, drew their guns at him, and discriminatorily issued him a summons.  Plaintiff further asserts that the criminal charges brought against him were subsequently dismissed on May 10, 2007.  An enlargement of time will give this office the opportunity to investigate these allegations in accordance with our obligations under Rule 11 of the Federal Rules of Civil

---

[1] There is no indication whether the individually named defendant, Police Officer Michael Dimurra, has been served with the summons and complaint.  As of this date, no request for representation has been received with respect to this individual nor does the docket sheet indicate service on this defendant.  Without appearing on his behalf, it is respectfully requested that, if he has been properly served, the same extension be granted to him in order to ensure that his defenses are not jeopardized while representation issues are being decided.

Procedure. As plaintiff alleges that all of the criminal charges brought against him were dismissed, the records associated with plaintiff's underlying arrest and prosecution would be sealed pursuant to N.Y.C.P.L. § 160.50. Currently, this office is in the process of forwarding to the plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to N.Y.C.P.L. § 160.50. This executed release is necessary for our office to obtain the District Attorney, Criminal Court, and police records pertaining to plaintiff's underlying arrest and prosecution.

This office is also in the process of forwarding to plaintiff for execution a medical release. Plaintiff claims that he suffered severe emotional distress as a result of the incident. Plaintiff's complaint alleges that plaintiff feared for his life during the incident, due to the fact that plaintiff "was aware that the shooting of African-American civilians by New York City Police officers, the most recent of which was the highly publicized shooting of a prospective groom at a Queens nightclub, was not an unusual occurrence." See Plaintiff's Complaint, at ¶ 20. An enlargement of time to respond to the complaint will allow this office an opportunity to obtain information pertaining to these alleged emotional injuries.

Furthermore, assuming plaintiff effectuates proper service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Finally, if the Court decides to grant this enlargement, defendant respectfully requests that the initial conference, scheduled for March 20, 2008 at 9:15 A.M., be adjourned until a date after issue has been joined. Defendant seeks this adjournment in order to allow this office to conduct an investigation and respond to the complaint prior to the initial conference.

No previous request for an extension has been made in this action. Accordingly, defendant City respectfully requests that its time to respond to the complaint be extended sixty days to May 5, 2008, and that the Initial Conference be adjourned to a date convenient to the Court after May 5, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Amy N. Okereke
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    Ian M. Belinfanti, Esq., attorney for plaintiff (by fax: (212) 868-7348)