UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SILVIN BLACKSTOCK,

                                    Plaintiff,

                 -against-

THE CITY OF NEW YORK, THE POLICE
DEPARTMENT OF THE CITY OF NEW YORK, THE
CITY OF NEW YORK POLICE OFFICERS MICHAEL
DiMURRA AND JOHN DOE 1 THROUGH 4, THE
SAME BELIEVED TO BE UNNAMED POLICE
OFFICERS OF THE 47TH PRECINCT OF THE POLICE
DEPARTMENT OF THE CITY OF NEW YORK,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

08 Civ. 1541 (RMB)

Jury Trial Demanded

            Defendants City of New York, New York City Police Department, and Michael DiMurro, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

            1.       Deny the allegations set forth in the first unnumbered paragraph on page of the complaint.

            2.       Defendants state that plaintiff's demand for a jury trial set forth in the second unnumbered paragraph on page 1 of the complaint does not warrant a response.

            3.       Deny the allegations set forth in paragraph "1" of the complaint.

            4.       Deny the allegations set forth in paragraph "2" of the complaint.

            5.       Deny the allegations set forth in paragraph "3" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint concerning, except admit that this action was commenced on or about February 14, 2008.

7.      Deny the allegations set forth in paragraph "5" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

9.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

10.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

11.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that Michael DiMurro was employed by the City of New York as a police officer on March 9, 2007.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

13.      Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was issued a summons by New York City Police Officers on March 9, 2007, in the vicinity of 3815 Dyre Avenue, in Bronx County.

14.      Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff purports to proceed as stated therein.

15.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that Officer Michael DiMurro approached plaintiff's vehicle on or about March 9, 2007, in the vicinity of 3815 Dyre Ave., Bronx, New York.

16.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that Officer Michael DiMurro instructed plaintiff to move his vehicle.

17.    Deny the allegations set forth in paragraph "15" of the complaint.

18.    Deny the allegations set forth in paragraph "16" of the complaint.

19.    Deny the allegations set forth in paragraph "17" of the complaint, except admit that police officers parked a police van at or near the location of plaintiff's vehicle.

20.    Deny the allegations set forth in paragraph "18" of the complaint.

21.    Deny the allegations set forth in paragraph "19" of the complaint.

22.    Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's state of mind.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

24.    Deny the allegations set forth in paragraph "22" of the complaint.

25.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that Officer Michael DiMurro checked plaintiff's license, and that police officers parked a police van at or near the location of plaintiff's vehicle.

26.    Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff was issued a summons for violating New York Penal Law § 240.20(5).

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

28.    Deny the allegations set forth in paragraph "26" of the complaint.

29.    Deny the allegations set forth in paragraph "27" of the complaint.

30.    In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege paragraphs "1" through "29" of this answer as if fully set forth herein.

31.    Deny the allegations set forth in paragraph "29" of the complaint.

32.    Deny the allegations set forth in paragraph "30" of the complaint.

33.    In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege paragraphs "1" through "32" of this answer as if fully set forth herein.

34.    Deny the allegations set forth in paragraph "32" of the complaint.

35.    Deny the allegations set forth in paragraph "33" of the complaint.

36.    In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege paragraphs "1" through "35" of this answer as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "35" of the complaint.

38.    Deny the allegations set forth in paragraph "36" of the complaint.

39.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege paragraphs "1" through "38" of this answer as if fully set forth herein.

40.    Deny the allegations set forth in paragraph "38" of the complaint.

41.    In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer as if fully set forth herein.

42.    Deny the allegations set forth in paragraph "40" of the complaint.

43.    Deny the allegations set forth in paragraph "41" of the complaint.

44.    Deny the allegations set forth in paragraph "42" of the complaint.

45.    Deny the allegations set forth in paragraph "43" of the complaint.

46.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege paragraphs "1" through "45" of this answer as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "45" of the complaint.

48.    Deny the allegations set forth in paragraph "46" of the complaint.

49.    Deny the allegations set forth in paragraph "47" of the complaint.

50.    Deny the allegations set forth in paragraph "48" of the complaint.

51.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege paragraphs "1" through "50" of this answer as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "50" of the complaint.

53.    Deny the allegations set forth in paragraph "51" of the complaint.

54.    In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege paragraphs "1" through "53" of this answer as if fully set forth herein.

55.    Deny the allegations set forth in paragraph "53" of the complaint.

56.    In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege paragraphs "1" through "55" of this answer as if fully set forth herein.

57.    Paragraph "55" of the complaint sets forth a legal conclusion rather than an averment of fact, and accordingly, no response is required.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

59.    Deny the allegations set forth in paragraph "57" of the complaint.

60.    Deny the allegations set forth in paragraph "58" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

59.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

60.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

61.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

62.    Plaintiff provoked any incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63.    There was probable cause to issue plaintiff a summons, and for any detention and/or prosecution of plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

64.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

65.     The New York City Police Department is a non-suable entity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

66.     Defendant Michael DiMurro has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

67.     Defendant Michael DiMurro acted within the lawful and proper exercise of his discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

68.     Plaintiff's state law claims are barred for failure to comply with conditions precedent to suit, pursuant to New York General Municipal Law §§ 50-e and 50-i.

**WHEREFORE,** defendants request judgment dismissing the complaint, as against them together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             May 5, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Room 3-137
New York, New York 10007
(212) 788-9790

By:           /s/
          Amy N. Okereke
          Assistant Corporation Counsel
          Special Federal Litigation Division

To:     Ian Belinfanti, Esq.
       *Attorney for Plaintiff*
       481 8th Avenue, Suite 1545
       New York, New York 10001 (via E.C.F. and first class mail)

Docket No. 08 Civ. 1541 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SILVIN BLACKSTOCK,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE POLICE DEPARTMENT
OF THE CITY OF NEW YORK, THE CITY OF NEW
YORK POLICE OFFICERS MICHAEL DiMURRA AND
JOHN DOE 1 THROUGH 4, THE SAME BELIEVED TO
BE UNNAMED POLICE OFFICERS OF THE 47TH
PRECINCT OF THE POLICE DEPARTMENT OF THE
CITY OF NEW YORK,

Defendants.

## ANSWER TO THE COMPLAINT

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Amy N. Okereke*
*Tel:  (212) 788-9790*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................................... , 200*

*.................................................................................... Esq.*

*Attorney for ........................................................................*

## DECLARATION OF SERVICE BY MAIL

I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on May 5, 2008, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by counsel for that purpose:

> Ian Belinfanti, Esq.
> *Attorney for Plaintiff*
> 481 8th Avenue, Suite 1545
> New York, New York 10001

Dated:      New York, New York
            May 5, 2008

_____/s/_____

AMY N. OKEREKE
ASSISTANT CORPORATION COUNSEL
